UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:                                                                  CASE NO. 14-10746

NICOLE BRONDUM                                     SECTION "B"

DEBTOR                                                         CHAPTER 13

## **MEMORANDUM OPINION**

Before this court is the debtor's Motion to Enforce Court Order of July 17, 2014 against U.S. Home Mortgage and the opposition filed by U.S. Bank, N.A.,[1] which was heard on September 3, 2014. The debtor contracted to sell a home on which U.S. Bank holds a mortgage. In anticipation of the sale's closing, the debtor sought a mortgage payoff letter from U.S. Bank. The payoff letter proved difficult to obtain and the debtor sought relief from this court. A few days before the hearing, U.S. Bank furnished a payoff letter to the debtor. Given that the payoff letter has been provided, the court considers only the issue of enforcement of attorney's fees and sanctions. Having read the briefs and considered the arguments of counsel, the court finds that the part of the motion asking to enforce the court's order as to the payoff letter is a moot point as U.S. Bank finally furnished this information. The part of the debtor's motion asking for sanctions and attorney's fees must be denied because U.S. Bank was not properly served. (P-22)

---

[1] This matter was initiated by a Motion to Compel U.S. Bank Home Mortgage to Provide Mortgage Payout and Motion for Sanctions for Failure to Cooperate with Request (P-15), which was granted on July 17 after a hearing (P-17).

1

I.  **Background Facts**

AquaThe motion, supplemental motion, and opposition now before the court is the result of a lengthy and complicated interaction between the debtor, her counsel, and U.S. Bank. The pertinent facts are not seriously in dispute, and the court finds them to be as follows. The debtor owns a house that she seeks to sell to a third-party purchaser. U.S. Bank Home Mortgage holds a mortgage on this house. Beginning in April 2014, the debtor's counsel made multiple attempts to obtain a mortgage payoff letter from U.S. Bank. U.S. Bank told the debtor's counsel that a written authorization signed by the debtor herself was necessary before any financial or account information could be released to a non-account holder. The debtor's counsel furnished the authorization.

Counsel for the debtor continued to try to obtain the payoff letter from U.S. Bank. On April 14, 2014, counsel mailed a letter to U.S. Bank and enclosed a printout of an email exchange between himself and the debtor to two of U.S. Bank's mailing addresses (without a specific recipient indicated on either letter). In the enclosed email exchange, the debtor asked for her counsel to be given permission to obtain a payoff letter. Shortly thereafter, counsel sent an identical letter (with the same enclosures) but on which, below counsel's signature, debtor signed and dated her signature April 23, 2014. In a letter dated May 1, 2014, U.S. Bank responded to counsel, notifying that Terry Bates, Jr. had been assigned the debtor's single-point-of-contact and that he could be reached via a direct telephone number and email that were provided. On May 6, 2014, counsel sent another request for a payoff letter to two U.S. Bank addresses via regular mail without indicating specific recipients. On May 12, 2014, counsel sent a letter via regular mail to

one of U.S. Bank's addresses with "attn.: Terry Bates" requesting a payoff letter for the debtor's mortgage. There is no evidence that counsel attempted to call or email Mr. Bates at the direct phone number or email that U.S. Bank had provided. On June 23, 2014, counsel filed a Motion to Compel U.S. Bank Home Mortgage to Provide Mortgage Payout and For Sanctions For Failure to Cooperate with Request,[2] which was granted on July 17, 2014 with $350 in attorney's fees awarded.[3] On July 18, 2014, counsel served Jackson & McPherson, LLP, a New Orleans law firm which was known to have represented U.S. Bank in other matters, with the order. On July 27, 2014 the debtor's counsel left an unreturned voicemail message for Mr. Bates asking when U.S. Bank would be complying with the court's order. On August 13, 2014 U.S. Bank assigned the debtor a new single point of contact: Nathan Edwards. U.S. Bank provided a payoff letter the week before the hearing on this motion (on or about August 27, 2014).

## II. Legal Analysis

The debtor argues U.S. Bank should be sanctioned because it repeatedly ignored counsel's motions to compel furnishing a payoff letter. The debtor further argues that

---

[2] P-15. This was served on U.S. Bank on June 23, 2014 via First Class Mail to three U.S. Bank addresses, none of which indicated a specific recipient.

[3] P-16

service of its motions was correct pursuant to Rule 342(c)(2)(A)[4] because they were sent to addresses from which the debtor had received correspondences from U.S. Bank and/or they are addresses where U.S. Bank indicated it wanted correspondences sent. The debtor's brief cited no caselaw in support of this argument.

U.S. Bank argues that the debtor was required to comply with Rule 9014 and Rule 7004.[5] U.S. Bank argues that this is a contested matter and it should not be sanctioned because the debtor did not comply with Rule 7004(h)[6] and thus improperly served U.S. Bank.

---

[4] Fed. R. Bankr. P. 342(c)(2)(A). states:

If, within the 90 days before the commencement of a voluntary case, a creditor supplies the debtor in at least 2 communications sent to the debtor with the current account number of the debtor and the address at which such creditor requests to receive correspondence, then any notice required by this title to be sent by the debtor to such creditor shall be sent to such address and shall include such account number.

[5] FRBP 9014. states:

(a) In a contested matter not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought. No response is required under this rule under the court directs otherwise.

(b) The motion shall be served in the manner provided for service of a summons and complaint by Rule 7004 and within the time determined under Rule 9006(d)….

[6] FRBP 7004(h). states:

Service on an insured depository institution (as defined in section 3 of the Federal Deposit Insurance Act) in a contested matter or adversary proceeding shall be made by certified mail addressed to an officer of the institution….

U.S. Bank cites caselaw to support its position. U.S. Bank argues that *Jacobo v. BAC Home Loans Serv., LP*, 477 B.R. 533 (D.N.J. 2012) and *In re McCumber,* Case No. N10-00653-DMD, Adv. No. N12-90007-DMD, slip op., 2012 WL 893061 (Bankr. D. Alaska Mar. 7, 2012) inform on this matter. In *Jacobo*, the debtor's service to Bank of America regarding its Chapter 13 confirmation plan and a notice regarding lien stripping were sent via regular mail to non-officers of Bank of America located in various departments (including IT, Home Retention Division, and customer service departments). The court reasoned that "[g]iven the size and complexity of [Bank of America], the notice was not directed to a corporate officer or an individual who could have attended to it in a timely manner"[7] and further that "[b]y mailing the notices to a non-officer by regular mail, [the debtor's] method did not comport with due process under [the] circumstances."[8] As such, the court held that service via regular mail to a non-officer did not constitute adequate notice.[9]

In *In re McCumber*, the debtor sought an entry of default after having served Bank of America via non-certified mail at two different addresses without naming a specific addressee. The court held that the defects in service required correction pursuant to Rule 7004(h) before a default could be entered. The court noted that the names of insured depository institutions' officers are readily available on the Internet and from states'

---

[7] *Jacobo,* 477 B.R. 533 at 541.

[8] *Id.*

[9] *Id.* at 542.

5

Department of Commerce directories. Further, the court reasoned that given the ease with which appropriate officers or agents of depository institutions can be identified, compliance with Rule 7004(h) is not burdensome.

*In re Sawyer* 373 B.R. 454 (D.S.C. 2007) addressed the question of whether Rule 342(c)(2)(A) or Rules 9014(b) and 7004(h) should be used in contested matters and adversary proceedings when a debtor had previously received at least two correspondences from a depository institution. In *In re Sawyer*, the debtor's plan sought to valuate the mortgagee's (Bank of America, N.A.) security interest in its lien (per Rule 3012) and potentially alter the priority of the lien. Bank of America sought to deny confirmation of the plan because of the debtor's alleged failure to properly serve Bank of America in accordance with Rule 7004(h). The debtor opposed the motion and asserted that Bank of America was properly served in accordance with Rule 342(c), which the debtor contended controlled. The court held that "342(c)(2)(A) does not determine service or who is to receive service in adversaries or contested matters, which are specifically addressed by Fed. R. Bankr.P. 7004 and 9014(b) [and caselaw of its circuit]."[10]

In the matter before this court, the debtor had received multiple correspondences from U.S. Bank before filing motions to compel a payoff letter and for sanctions. U.S. Bank did not furnish the requested payoff letter until the week before the September 3, 2014 hearing date, which unfortunately for the debtor was too late to complete the

---

[10] *Sawyer,* 373 B.R. 454 at 458-59.

proposed sale. Despite having been served in accordance with Rule 342(c)(2)(a), U.S. Bank argues that the debtor's motions are contested matters, which are governed by Rule 9014 that requires service comply with Rule 7004.

There are three categories of bankruptcy disputes: administrative matters, contested matters, and adversary proceedings; administrative matters have no opposing party, while contested matters and adversary proceedings both have opposing parties.[11] If a contested matter falls into one of ten delineated categories then it is an adversary proceeding.[12] The Advisory Committee Notes to FRBP opined that "[w]henever there is an actual dispute, other than an adversary proceeding, before the bankruptcy court, the litigation to resolve that dispute is a contested matter."[13] The debtor's motion is therefore a contested matter because there is an opposing party (U.S. Bank) but this matter does not fall into any of the adversary proceeding categories outlined by Rule 7001. As such, service upon U.S. Bank should have comported with 7004(h) which requires "[s]ervice on an insured depository institution…in a contested matter or adversary proceeding shall

---

[11] 10 *Collier on Bankruptcy* ¶ 9014.01 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.). states that:

Broadly speaking, disputes that arise in bankruptcy case can be divided into the following categories (1) adversary proceedings, governed by Part VII of the Rules; (2) administrative matters, in which there is no adversary party (for example, an unopposed motion by a trustee to sell property of the estate); and (3) contested matters, which do not qualify as adversary proceedings because they are not included in the Rule 7001 list. Contested matters resemble adversary proceedings in that there are (at least) two parties who are opposing each other with respect to relief sought by one of them.

[12] *Collier* at ¶ 7001.01.

[13] FRBP 9014 Advisory Committee Notes.

be made by certified mail addressed to an officer of the institution…."[14] The debtor's service to U.S. Bank of its motions for a payoff letter and sanctions did not comply with the requirements of the Bankruptcy Rules, because service were neither sent via certified mail nor addressed to an officer of the institution.

This court can well understand the debtor's frustration because the repeated contacts of debtor's attorney with U.S. Bank did not result in the production of the requested payoff letter in time for debtor to complete the proposed sale of the mortgaged property. It is unlikely that this situation would have occurred had the debtor or counsel been promptly furnished with a payoff letter. U.S. Bank contends that it is an accepted industry practice for financial services institutions to require a signed authorization before releasing an account holder's financial information, such as a payoff letter. U.S. Bank admits that the April 23, 2014 letter sent by the debtor's counsel (which was signed by the debtor) was adequate authorization.[15] Instead of sending a payoff letter U.S. Bank sent counsel notice that a single-point-of-contact has been assigned. It is unknown why U.S. Bank did not furnish the debtors with a payoff letter instead of a single-point-of-contact notice. U.S. Bank also contends that it never received service of any of the debtor's motions.

This case certainly presented a hardship to the debtor but U.S. Bank's position that it was not property served is correct. Given that this is the first instance in which U.S.

---

[14] FRBP 7004(h).

[15] P-22 at 3.

Bank has been the object of a sanction proceeding before this court for such obstinate practices, sanctions will not be imposed. The motion to enforce court order for payment of attorney's fees is denied and no sanctions are imposed.

### III. Conclusion

Though U.S. Bank may have had actual notice of the debtor's need for a payoff letter, the debtor's service on U.S. Bank did not comport with the Bankruptcy Rules' requirements in contested matters. None of the debtor's services of its motions to U.S. Bank were sent via certified mail and to an officer of the institution.

For the above stated reasons, the motion for sanctions is denied.

New Orleans, Louisiana, November 5, 2014.

                                                                       Jerry A. Brown
                                                                       U.S. Bankruptcy Judge